IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY COUNSIL,

          Plaintiff,

      vs.                                        Case No. 11-1011-JTM

MICHAEL J. ASTRUE,
        Commissioner of Social Security,

          Defendant.

MEMORANDUM AND ORDER

Plaintiff Gary Counsil has applied for Social Security disability and supplemental security income benefits. His application was denied by the Administrative Law Judge (ALJ) on February 5, 2009, a decision affirmed by the Appeals Council on December 8, 2010. There are two allegations of error by Counsil. Specifically, he alleges that the ALJ erred, first, in failing to discuss the opinion of Dr. George Stern, and second, in failing to discuss "with precision" his (Counsil's) limitations with the vocational expert.

Plaintiff-claimant Counsil was born in 1965. He stated that he became disabled on January 29, 2007. He has a ninth-grade education, and has previously worked as a farm laborer and lawn mower. He has cited a variety of ailments, including right arm limitations, stroke, right eye blindness, speech problems, and hearing problems. The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 14-22), and the brief of

Counsil (Dkt. 13, at 2-4) and set forth *seriatim* in the argument section of the Commissioner's response (Dkt. 16, at 3-9).

The ALJ concluded that Counsil had the severe impairments of coronary artery disease (CAD), hypertension, right eye blindness, a history of remote right shoulder repair, anxiety disorder not otherwise specified (NOS), and personality disorder NOS (Tr. 16). He also had the nonsevere impairments of speech and hearing problems (Tr. 17). However, the ALJ found that Counsil's claims as to the severity and effect of these impairments were not fully credible, and that he retained the residual functional capacity (RFC) to perform work that exists in the general economy.

The Commissioner determines whether an applicant is disabled pursuant to a five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant has the initial burden of proof in the first three steps: he must show that he is engaged in substantial gainful activity, that he has a medically-determinable, severe ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that he cannot return to his former work, the Commissioner has the burden of showing that he can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

As noted earlier, Counsil argues that the ALJ erred in failing to consider the opinion of non-examining agency psychologist George Stern (Ph.D.). Dr. Stern reported that Counsil experienced moderate difficulty in understanding, remembering, and carrying out detailed instructions, and was moderately limited in his ability to interact appropriately with the general public. He also stated that Counsil was capable of work requiring "simple/intermediate instructions and infrequent social interactions." (R. 406).

The court finds that any error by the ALJ in failing to explicitly mention Dr. Stern's report by name was harmless, as the ALJ essentially adopted Dr. Stern's conclusions as to Counsil's functional capacity. *See Wilson v. Sullivan*, No. 90-5061, 1991 WL 35284, *2 (10th Cir. Feb. 28, 1991). Dr. Stern found that Counsil was not limited in 16 of 20 areas of mental functioning, and was only moderately limited in only in two areas of understanding, remembering, and carrying out

3

detailed instructions, interacting appropriately with the general public, and getting along with coworkers or peers (Tr. 404-05). Dr. Stern believed that Counsil can do work requiring simple to intermediate instructions (Tr. 406). The ALJ in turn adopted a RFC which explicitly limited Counsil to simple, repetitive, and routine work, which could be accomplished without extensive contact with the general public or co-workers (Tr. 19). As to the jobs the ALJ believed Counsil could perform, the vocational expert testified, based on her 30 years of experience, that those jobs could be performed by an individual who was restricted to simple work. (Tr. 56). Further, these jobs are not considered skilled work. See 20 C.F.R. §§ 404.1568, 416.968.

Counsil next argues that the ALJ erred in posing a hypothetical question to the vocational expert which failed to include all his limitations. Specifically, he did not include in his question a moderate limitation in social functioning or in concentration, persistence, and pace. The court finds no error. The ALJ agreed that Counsil had moderate limitations in these areas in concluding that Counsil had a severe mental impairment, but did not include these findings in his determination of Counsil's RFC. Specifically, the ALJ found that Counsil had the RFC to

> perform light work as defined in 404.1567(b) and 416.967(b), i.e. lifting 20 pounds occasionally, lifting/carrying 10 pounds frequently; standing/walking 6 of 8 hours in a workday, sitting for 6 of 8 hours in a workday; no climbing ladders, ropes, or scaffolds; no exposure to temperature extremes or vibration; hazards such as unprotected heights, dangerous machinery, and operation of motorized vehicles; and irritants such as gases, fumes, or chemicals; no backward reaching with the right upper extremity or extending his hand overhead. He cannot perform work that requires extensive reading or monitoring due to right eye blindness, but is capable of understanding, remembering, and carrying out simple, repetitive and routine work. He cannot have concentrated exposure to noise or extensive contact with the general public or co-workers.

(Tr. 18-19). These limitations formed the basis for the question posed to the vocational expert. After incorporating Counsil's physical restrictions, the ALJ also asked the vocational expert to exclude from her response

> work requiring extensive reading or monitor watching secondary to right eye blindness but able to understand, remember, and carry out simple instructions consistent with unskilled work that is repetitive and routine in nature, with no exposure to concentrated noise or extensive contact with the general public or co-workers.

(Tr. 55). The court finds that the ALJ's hypothetical question adequately incorporated the restrictions contained in Counsil's RFC.

IT IS ACCORDINGLY ORDERED this 22nd day of December, 2011, that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE